J-S51012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LUIS FERNANDO RIVERA, JR. | |
| Appellant | No. 677 EDA 2015 |

Appeal from the Judgment of Sentence February 24, 2015
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0001475-2013

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                **FILED OCTOBER 02, 2015**

Appellant, Luis Fernando Rivera, Jr., appeals *pro se* from the judgment of sentence entered in the Northampton County Court of Common Pleas, following revocation of his probation.  For the following reasons, we remand the matter to the trial court for further proceedings.

The relevant facts and procedural history of this appeal are as follows. On September 24, 2013, Appellant entered a guilty plea at CP-48-CR-0001475-2013 ("No. 1475-2013") to driving under the influence of a controlled substance and driving with a suspended license (DUI related). That same day, the court sentenced Appellant to 60 months' intermediate punishment for the DUI, plus 90 days' imprisonment for the suspended license offense.

_____

*Retired Senior Judge assigned to the Superior Court.

Appellant sustained new charges of DUI/DUS, small amount of marijuana, and other traffic summaries on May 14, 2014. Appellant was again arrested in June 2014, for possession of small amount of marijuana and another DUS. Appellant pled guilty to the May 2014 charges in June 2014, and to the June 2014 charges in November 2014.

On January 7, 2015, counsel was court-appointed to represent Appellant for a petition Appellant had filed *pro se* under the Post Conviction Relief Act ("PCRA") in Northampton County on December 15, 2014, in an unrelated case (No. 2686-2014). On February 20, 2015, counsel appeared before the court on Appellant's behalf for that PCRA petition. The court addressed the PCRA petition in the unrelated case and granted Appellant the relief he requested.

Within days, the court learned of Appellant's probation detainer in the September 2013 case (No. 1475-2013) and contacted counsel to appear before the court to deal with the VOP proceedings and to revoke the house arrest the court had previously granted Appellant at the PCRA hearing in No. 2686-2014. On February 24, 2015, a **Gagnon** II Probation Violation ("VOP") hearing was held and counsel attended, although counsel was not formally appointed to represent Appellant. Nevertheless, the court noted counsel's presence at the VOP proceeding, with counsel's demurral on representation, where the court and counsel heard for the first time the details about Appellant's guilty pleas to the additional offenses and his probation

violations. The court revoked Appellant's intermediate punishment at No. 1475-2013 and resentenced Appellant on the September 2013 convictions to six (6) to twenty-four (24) months' imprisonment.

Two days later, on February 26, 2015, counsel filed a motion for reconsideration of sentence on Appellant's behalf, which the court denied on March 2, 2015. On March 10, 2015, Appellant timely filed a *pro se* notice of appeal but listed counsel's name on the bottom of the notice. The court contacted counsel, who responded to the court that he was not counsel of record for Appellant's VOP case and asked the court to treat the appeal as filed *pro se* and deal with Appellant directly.

On March 16, 2015, the trial court granted Appellant leave to proceed *in forma pauperis* ("IFP") in all matters filed with the Superior and Supreme Court of Pennsylvania, pursuant to Pa.R.A.P. 552. On March 16, 2015, the court also ordered Appellant to file a concise statement of errors complained on appeal no later than twenty-one (21) days from the date of the order, in accordance with Pa.R.A.P. 1925(b). A copy of that Rule 1925(b) order was sent to both counsel and Appellant. Neither counsel nor Appellant responded. Instead, on March 23, 2015, counsel filed a motion in this Court to withdraw as counsel of record for this case, because counsel had not been appointed to represent Appellant. This Court referred the motion to the trial court. On April 17, 2015, the trial court granted counsel's motion to withdraw and simply announced that Appellant would continue to proceed

*pro se* with his appeal. On that same day, the court issued an opinion pursuant to Pa.R.A.P. 1925, concluding Appellant waived his issues on appeal because he had failed to file a Rule 1925(b) statement within 21 days, as ordered. Thereafter, Appellant filed his Rule 1925(b) statement *pro se* on May 7, 2015.

As a significant, prefatory matter, Appellant's current *pro se* status presents us with a question of whether Appellant was effectively deprived of his right to counsel on this appeal:

> [I]n all criminal prosecutions, the accused shall enjoy the right…to have the Assistance of Counsel for his [defense]. The purpose of this right is to protec[t] the unaided layman at critical confrontations with his expert adversary, the government, after the adverse positions of government and defendant have solidified with respect to a particular alleged crime.

*Commonwealth v. Romine*, 682 A.2d 1296, 1298-99 (Pa.Super. 1996) (*en banc*), *appeal denied*, 547 Pa. 754, 692 A.2d 565 (1997) (internal citations and quotation marks omitted). "However, this constitutional right [to counsel] does not justify forcing counsel upon an accused who wants none…and, in every criminal case an accused can waive whatever Constitutional rights he possesses, if the waiver is intelligently and understandingly made…." *Commonwealth v. Sliva*, 415 Pa. 537, 539-40, 204 A.2d 455, 456 (1964) (internal citations and quotation marks omitted).

> Both the right to counsel and the right to self-representation are guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section Nine of the Pennsylvania Constitution. Deprivation of

- 4 -

these rights can never be harmless. The constitutional right to counsel may be waived, but this waiver is valid only if made with knowledge and intelligence.

In order to make a knowing and intelligent waiver, the individual must be aware of both the nature of the right and the risks and consequences of forfeiting it. Moreover,

**the presumption must always be against the waiver of a constitutional right. Nor can waiver be presumed where the record is silent.** The record must show, or there must be an allegation and evidence which shows, that an accused was offered counsel but intelligently and understandingly rejected the offer.

Thus, for this Court to uphold such a waiver, the record must clearly demonstrate an informed relinquishment of a known right.

*Commonwealth v. Houtz*, 856 A.2d 119, 122 (Pa.Super. 2004) (internal citations and quotation marks omitted) (emphasis added). *See also Commonwealth v. Grazier*, 552 Pa. 9, 713 A.2d 81 (1998) (holding court must determine on record that indigent defendant wants to proceed *pro se* on appeal, to ensure waiver of counsel is knowing, intelligent and voluntary).

Instantly, counsel was appointed to represent Appellant at PCRA proceedings in an unrelated matter, but was not formally appointed to represent Appellant at the VOP hearing. Two days later, on February 26, 2015, counsel filed a motion for reconsideration of sentence on Appellant's behalf, which the court denied on March 2, 2015. On March 10, 2015, Appellant timely filed a *pro se* notice of appeal but listed counsel's name on the bottom of the notice. The court contacted counsel, who responded to

the court that he was not counsel of record for Appellant's VOP case and asked the court to treat the appeal as filed *pro se* and deal with Appellant directly.

On March 16, 2015, the trial court granted Appellant IFP status in all matters filed with the Superior and Supreme Court of Pennsylvania, pursuant to Pa.R.A.P. 552. On March 16, 2015, the court also ordered Appellant to file a concise statement of errors complained on appeal no later than twenty-one (21) days from the date of the order, in accordance with Pa.R.A.P. 1925(b). A copy of that Rule 1925(b) order was sent to both counsel and Appellant. Neither counsel nor Appellant responded. Instead, counsel filed a motion in this Court, to withdraw his name as counsel of record, which this Court deferred to the trial court for resolution. On April 17, 2015, the trial court granted counsel's motion to withdraw and simply announced that Appellant would "continue" to proceed with his appeal *pro se*. On that same day, the court issued its opinion pursuant to Pa.R.A.P. 1925, concluding Appellant had waived his issues on appeal because he failed to file a concise statement of errors complained of on appeal within 21 days, as ordered. Appellant filed his Rule 1925(b) statement *pro se* on May 7, 2015.

Notably, the record lacks any *indicia* that Appellant wanted to proceed *pro se* on appeal and/or that the trial court ensured Appellant had knowingly, intelligently, and voluntarily waived his constitutional right to

counsel on direct appeal. *See Grazier, supra*; *Sliva, supra*. Under established Pennsylvania law, we cannot presume Appellant's waiver. *See Houtz, supra*. Consequently, we remand this case to the trial court for a total of ninety (90) days. Upon remand, the court must immediately conduct a full *Grazier* hearing without delay to determine if Appellant wants to proceed *pro se* on his direct appeal. If the court is convinced Appellant wants to proceed *pro se*, Appellant shall proceed with his appeal. In an opinion, the court shall address the issue raised in Appellant's Rule 1925(b) statement, filed May 7, 2015, and immediately return the complete record to this Court, including the *Grazier* hearing transcript.

Alternatively, if Appellant does not want to proceed *pro se* or fails to demonstrate a valid waiver of counsel, the court must appoint new counsel to assist Appellant on appeal and notify this Court of the appointment. Counsel must consult with Appellant and be permitted to file an amended Rule 1925(b) statement if necessary. In an opinion, the court shall address the issues raised in Appellant's Rule 1925(b) statement, filed May 7, 2015, and in the amended statement, if filed. Counsel must also file a brief with this Court. All of these matters must be completed within the same 90-day remand period. The Commonwealth shall have thirty (30) days to respond or notify this Court that the Commonwealth does not intend to do so. Accordingly, we remand for further proceedings consistent with this decision.

Case remanded with instructions. Panel jurisdiction is retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/2/2015</u>